IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

WILLIAM C. PETERS,

        Plaintiff,

                                    Case No. 6:11-cv-00434-TC

    v.

                                 FINDINGS AND RECOMMENDATION

MICHAEL J. ASTRUE,
Commissioner of Social Security,

           Defendant.

COFFIN, Magistrate Judge:

        William Peters ("plaintiff") brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. §§ 405(g), 1383(c), to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's applications for Title XVI supplemental security income ("SSI") disability benefits and Title II disability income benefits ("DIB") under the Act. For the reasons set forth below, the Commissioner's decision should be reversed and this case should be remanded for further proceedings.

## BACKGROUND

Born on March 19, 1957, plaintiff has a high school education and attended less than one year of college. (#11, p. 38, 224). Plaintiff has past relevant work experience as a construction laborer and dump truck driver. (#11, p. 37, 155, 161). He alleges disability beginning June 26, 2007 due to back pain caused by an on-the-job accident, which aggravated his existing back condition. (#11, p. 30, 62-63, 154). Plaintiff was therefore 50 years old on the alleged onset date of disability and, accordingly, was closely approaching advanced age at all relevant times. (#11, p. 38).

On October 24, 2008, plaintiff filed applications for DIB and SSI. (#11, p. 30, 130, 134). After the applications were denied initially and upon reconsideration, plaintiff timely requested a hearing before an administrative law judge ("ALJ"). (#11, p. 30, 103-04). On November 13, 2009, an ALJ hearing was held before the Honorable Richard A. Say, at which plaintiff was represented by counsel and testified; a vocational expert ("VE") also testified. (#11, p. 56-77). On December 18, 2009, ALJ Say issued a decision finding plaintiff not disabled within the meaning of the Act. (#11, p. 30-44). On February 16, 2011, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner. (#11, p. 1-5). Subsequently, plaintiff filed a complaint in this Court.

## STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229

Page 2 - FINDINGS AND RECOMMENDATION

(1938)).    The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); see also Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation").

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. Yuckert, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Id.; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform his past relevant work, the burden shifts to the Commissioner. Yuckert, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. Id. at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S FINDINGS

At step one of the five-step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (#11, p. 32). At step two, the ALJ determined that plaintiff had the following severe impairment: "back pain, post two surgeries." (#11, p. 32). At step three, the ALJ found that plaintiff's impairment did not meet or equal the requirements of a listed impairment. (#11, p. 33).

Because plaintiff did not establish disability at step three, the ALJ continued to evaluate how plaintiff's medical impairments affected his ability to work. The ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work, "except that he is limited to only occasional stooping, crouching, crawling, kneeling, and climbing ramps and stairs." (#11, p. 34). The ALJ further limited plaintiff to work that did not involve climbing ladders or concentrated exposure to vibration. (#11, p. 34).

At step four, the ALJ concluded that plaintiff was unable to perform his past relevant work. (#11, p. 37). At step five, the ALJ found that there are jobs that exist in significant numbers in the national and regional economies that plaintiff could perform. (#11, p. 38). Based on these findings,

Page 4 - FINDINGS AND RECOMMENDATION

the ALJ determined that plaintiff was not disabled within the meaning of the Act. (#11, p. 39).

## DISCUSSION

Plaintiff asserts that the ALJ erred by: (1) improperly assessing his credibility; and (2) failing to adequately assess the opinion of examining doctor Donald Ramsthel, M.D. (Pl.'s Opening Br. 2, 5).

### I. Plaintiff's Credibility

Plaintiff argues that the ALJ failed to provide a clear and convincing reason to reject his subjective symptom testimony regarding the extent of his impairment. (Id. at 5). When a claimant has a medically documented impairment that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (citation omitted).

A general assertion that plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). If, however, the "ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted).

In this case, the ALJ determined that plaintiff's medically determinable impairment could reasonably be expected to produce some degree of symptoms, but that his statements regarding the

Page 5 - FINDINGS AND RECOMMENDATION

extent of these symptoms were not fully credible because of his conservative treatment record, failure to comply with prescribed medical treatments, sporadic work history, and activities of daily living. (#11, p. 35-36).

Notably, the ALJ found that plaintiff's "conservative and routine treatment" and lack of "compl[iance] with medical treatment" belied his pain testimony. (#11, p. 35-36). Failure to seek or follow medical treatment is a clear and convincing reason to reject a claimant's subjective statements. Burch, 400 F.3d at 681; Fair v. Bowen, 855 F.2d 597, 603-04 (9th Cir. 1989); see also SSR 96-7p, available at 1996 WL 374186, *7. Plaintiff contends that he became disabled after an on-the-job injury that occurred in 2007. (#11, p. 62-63, 154). Yet, as the ALJ noted, plaintiff only saw a doctor once in 2007 and once in 2008.[1] (#11, p. 36, 331, 333). Further, plaintiff refused to follow his doctor's prescribed treatments, such as cortizone shots, medication, and physical therapy. (#11, p. 36, 64-65, 334, 337). Accordingly, the ALJ concluded that this level of treatment contradicted plaintiff's testimony that he was unable to work as a result of disabling back pain. (#11, p. 36).

Plaintiff does not dispute his failure to seek medical treatment, but rather argues for the first time in his opening brief that a "lack of finances interfered with his access to some medical treatment"; in support of this contention, plaintiff cites to his Adult Function Report. (Pl.'s Opening Br. 7, citing #11, p. 176). Plaintiff is correct that, before drawing a negative credibility inference from the claimant's failure to seek medical treatment, the ALJ must consider "any explanations that the individual may provide, or other information in the case record, that may explain infrequent or

---

[1] Plaintiff resumed treatment with a physician, for a variety of issues, from May 2009 through June 2009. (#11, p. 334-37).

irregular medical visits." See SSR 96-7p, available at 1996 WL 374186, *7. Contrary to plaintiff's

assertion, however, the record reveals that he never testified, either at the hearing or in his Adult

Function Report, that a lack of finances prevented him from seeking treatment for his allegedly

disabling back pain. (#11, p. 60-71, 170-77). The portion of the record to which plaintiff cites

merely states that he could not afford "a prosthetic for his drop foot." (#11, p. 176). This foot

condition is discreet from plaintiff's back pain.[2] Accordingly, plaintiff's inability to afford a

prosthetic for his foot has no bearing on his failure to seek regular treatment for his back impairment.

Plaintiff also contends that it was impermissible for the ALJ to use his failure to get a

cortizone shot to discredit his testimony because such shots only provide temporary relief and he

"didn't want to go through the torture of it." (Pl.'s Opening Br. 5). The ALJ found that plaintiff's

refusal to undergo the temporary discomfort of a cortizone shot in order to receive interim relief is

powerful evidence regarding the extent to which he was suffering from his allegedly disabling back

pain. (#11, p. 36). The Court agrees; if plaintiff's pain was as great as alleged, then even this

temporary relief would be welcome. As such, the ALJ pointed to specific, substantial evidence in

the record that undermines plaintiff's statements regarding this impairment.

Moreover, the ALJ determined that plaintiff's "sporadic work history also weakens his

credibility." (#11, p. 36). The fact that a claimant has a poor work history is a clear and convincing

reason to discredit his subjective symptom statements. See Thomas, 278 F.3d at 958-59. Here,

plaintiff's work history was intermittent prior to his 2007 injury; the record indicates that, excepting

---

[2] Plaintiff testified at the hearing that his drop foot impaired his ability to work. (#11, p. 63, 70). Plaintiff's medical record indicates that this impairment has existed since at least 2000. (#11, p. 244). However, in 2004, plaintiff reported biking and swimming three times per week despite his drop foot. (#11, p. 36, 323). Accordingly, the ALJ properly determined that this condition did not result in significant functional limitations. (#11, p. 32-34).

Page 7 - FINDINGS AND RECOMMENDATION

his position at Hollenbach & Hurd, Inc., plaintiff would work for a couple of weeks to six months at a time, followed by a lapse in employment. (#11, p. 143-46, 184-86). Therefore, substantial evidence supports the ALJ's determination that plaintiff's work history was erratic, with significant lapses of employment between jobs, even before the alleged onset date.

In addition, plaintiff testified that he ceased working in 2007 because he was laid off; as such, the ALJ found that plaintiff "stopped working for reasons unrelated to his disability." (#11, p. 36, 63, 154). This fact undermines plaintiff's main argument that pain resulting from his 2007 accident is the reason why he cannot work. When a claimant's work history undercuts his assertions, the ALJ may rely on that contradiction to discredit the claimant. See Bruton v. Massanari, 268 F.3d 824, 828 (9th Cir. 2001).

The foregoing discussion reveals that the ALJ did, in fact, identify ample specific evidence in the record that undermines plaintiff's subjective testimony. Therefore, the ALJ provided clear and convincing reasons to reject plaintiff's statements regarding the extent of his limitations and, as such, it is unnecessary for this Court to further discuss the other reasons provided. Accordingly, even if it was legal error for the ALJ to use plaintiff's daily activities or receipt of unemployment benefits to discredit his testimony, such an error was harmless since additional, valid reasons support the ALJ's ultimate credibility determination. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162-63 (9th Cir. 2008) (citations omitted). Therefore, the ALJ's credibility finding should be sustained.

II. Medical Opinion Evidence

Plaintiff also argues that the ALJ failed to give specific and legitimate reasons for rejecting the opinion of Dr. Ramsthel. (Pl.'s Opening Br. 2). In Social Security cases, there are three types

Page 8 - FINDINGS AND RECOMMENDATION

of medical opinions: those from treating, examining, and non-examining doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester, 81 F.3d at 830-31). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. Id. When evaluating conflicting opinions, however, the ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. Id. (citation omitted). In addition, a doctor's work restrictions based on a claimant's subjective statements about symptoms are reasonably discounted when the ALJ finds the claimant less than fully credible. See, e.g., Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004).

    Here, because plaintiff did not seek medical treatment for his allegedly disabling condition, there is only one examining or treating medical opinion in the record from the relevant period: Dr. Ramsthel's January 1, 2009 report. (#11, p. 280-83). Dr. Ramsthel's report was based on plaintiff's subjective symptom statements, the medical record, a series of range of motion, motor skills, and neurological tests, and the doctor's own observations. (#11, p. 280-83). Dr. Ramsthel's clinical findings were unremarkable: plaintiff "walk[ed] with a fairly normal tandem gait, although he favors his left leg," he could perform toe rises and a full squat, he was neurologically intact, and had a full range of motion in his back and in all joints. (#11, p. 282-83). Further, Dr. Ramsthel reported that plaintiff was "well-muscled, with good tone" and exhibited good strength during motor skill testing. (#11, p. 283). The doctor concluded that plaintiff could stand or walk for "an hour and a half before needing to rest, translating to 4-5 hours in an 8-hour day" and lift and carry "30 pounds infrequently

and 20-25 pounds infrequently," but was otherwise unlimited in his physical abilities.[3] (#11, p. 283).

The ALJ found that Dr. Ramsthel's report established that plaintiff "retains the ability to perform substantially all of the exertional demands of light work." (#11, p. 37). Nevertheless, the ALJ gave limited weight to Dr. Ramsthel's opinion because he was "not the claimant's treating physician and evidence received at the hearing level shows the claimant is less limited than he has determined." (#11, p. 37). The Commissioner concedes that it was error for the ALJ to reject Dr. Ramsthel's opinion because he was "not [p]laintiff's treating physician." (Def.'s Resp. Br. 9). The Commissioner nonetheless argues that such an error was harmless because the ALJ provided a second, legally valid reason; namely, that Dr. Ramsthel's report was contravened by the findings of state agency consulting physician, Mary Ann Westfall, M.D. (Id. at 10, citing #11, p. 272-79).

As an initial matter, the "opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831 (citations omitted). Thus, even if the ALJ's vague reference to "evidence at the hearing level" was alluding to Dr. Westfall's report, her opinion as a consulting source is insufficient to merit the rejection of Dr. Ramsthel's opinion. Further, the fact that a examining doctor's opinion is inconsistent with another doctor's report is not an adequate reason to reject it. See Pugh v. Astrue, 2012 WL 2813853, *5 (D.Or. June 19), adopted by 2012 WL 2814327 (D.Or. July 10, 2012). Such a contradiction merely requires the ALJ to proffer specific and

---

[3] On October 23, 2003, approximately one month before the administrative hearing, Dahra Perkins, M.D., completed check-the-box form, evaluating plaintiff's physical abilities, at the request of his attorney. (#11, p. 339-42). The ALJ did not discuss Dr. Perkins' report in his decision and plaintiff does not allege that this was error. Nevertheless, it should noted that Dr. Perkins' assessment of plaintiff's ability to stand or walk in an eight hour period is largely consistent with Dr. Ramsthel's report.

Page 10 - FINDINGS AND RECOMMENDATION

legitimate, rather than clear and convincing, reasons for discrediting the examining source. Id.; see also Bayliss, 427 F.3d at 1216. Accordingly, plaintiff is correct that the ALJ neglected to provide a legally sufficient reason to discount the opinion of Dr. Ramsthel concerning plaintiff's limited ability to stand and walk.[4] Because the RFC does not account for this potential additional limitation, the RFC assessment is erroneous. Likewise, the hypothetical posed to the VE was also erroneous.

After finding that the ALJ erred, this Court has discretion to remand for further proceedings or for the immediate payment of benefits. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009); Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000). The issue turns on the utility of further proceedings; a remand for an award of benefits is appropriate where there is no useful purpose to be served by further proceedings or where the record is fully developed. Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001); Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." Harman, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a

---

[4] This error is especially significant due to plaintiff's age. Under the Medical-Vocational Guidelines, plaintiff is disabled if his impairments preclude the performance of a substantial number of light exertion jobs and if he has no skills transferable to sedentary work. 20 C.F.R. Part 404, Subpart P, App. 2, § 201.14. The Regulations define light exertion work, in relevant part, as a job that requires "a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b). While the Regulations do not define what constitutes "a good deal of walking," Social Security Ruling 83-10 states that "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." SSR 83-10, available at 1983 WL 31251, *6. Thus, if credited as true, Dr. Ramsthel's evaluation establishes that plaintiff is unable to perform the full range of light work.

Page 11 - FINDINGS AND RECOMMENDATION

determination of disability can be made, and (3) it is clear from the record that the
ALJ would be required to find the claimant disabled were such evidence credited.

Id. (citation omitted). Where it is not clear that the ALJ would be required to award benefits were

the improperly rejected evidence credited, the court has discretion whether to credit the evidence.

Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

While the ALJ failed to articulate a legally sufficient reason to reject the opinion of Dr.

Ramsthel, it is unclear whether a finding of disability would be required on the record before the

Court. Dr. Ramsthel's report appears to be based largely on plaintiff's subjective statements, which,

as discussed above, the ALJ properly discredited. In addition, Dr. Ramsthel's findings are brief and

conclusory, and he does not specify which work restrictions are based on his findings or the medical

record versus plaintiff's own reports. The Court further notes that the doctor's clinical findings do

not support the degree of limitation identified in his work restrictions. This Court, however, cannot

assign weight to Dr. Ramsthel's opinion or affirm the ALJ's decision on a ground upon which he

did not rely. See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett, 340 F.3d at 874).

Regardless, Dr. Ramsthel's report does not "clearly indicate the proper outcomes of [the RFC and]

steps four and five of the disability determination evaluation." Vasquez, 572 F.3d at 597. Therefore,

the Court cannot find plaintiff disabled and, as a result, the award of benefits is improper. Id.;

Harman, 211 F.3d at 1180; see also Perez v. Astrue, 250 Fed.Appx. 774, 776 (9th Cir. 2007).

Accordingly, due to this unresolved ambiguity in the record, further proceedings are

necessary in this case. If credited as true, Dr. Ramsthel's report establishes that the ALJ's RFC and

step-five finding do not account for all of plaintiff's limitations; nonetheless, because the subject

report is based on plaintiff's properly discredited subjective statements, and because of the scarcity

of medical opinion evidence in the record, this Court is unable to determine whether substantial

Page 12 - FINDINGS AND RECOMMENDATION

evidence supports the ALJ's decision.  Therefore, this case should be remanded so that the ALJ can reevaluate Dr. Ramsthel's opinion in light of the entire record.  The ALJ should reconsider whether this evidence requires a new RFC, and, if so, the ALJ must obtain additional VE testimony in light of the new RFC evaluation.

## CONCLUSION

For the forgoing reasons, the Commissioner's final decision should be REVERSED and this case should be REMANDED for further proceedings consistent with this Findings and Recommendation.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when they are due or filed, whichever date is earlier.

DATED this $20^{t}$ day of July 2012.

THOMAS M. COFFIN
United States Magistrate Judge